And the next case is Northeastern Engineers Federal Credit Union et al. v. Home Depot. Carrie Patrice Dawson is here for Appellate Home Depot. Kenneth Canfield is here for Northeastern. And Ms. Dawson, are you ready to proceed? I guess, Your Honor. May it please the Court, Carrie Dawson for the Home Depot. Finality. A final end to this MDL and serial appeals and the termination of further litigation regarding attorney's fees. Finality is what this appeal is about and what Home Depot is entitled to. In 2017, the parties entered into a settlement agreement. Paragraph 63 of that agreement states, In the event that the award of attorney fees, costs, and expenses is reduced on appeal, Home Depot shall only pay the reduced amount of such award. Home Depot will pay interest on the amount awarded as ultimately reduced on appeal at the same rate applicable to any final and controlling. The District Court's interpretation of the settlement agreement was wrong. The District Court was bound to enforce Paragraph 63 and it committed reversible error when it denied Home Depot's motion to enforce that agreement. In Home Depot 1, this court reduced the original attorney's fee award when it wrote, We affirm the District Court's decision in all respects except one. It was an abuse of discretion to use a multiplier to account for the risk in a fee shifting case. The first appeal reduced the original attorney's fee award at $15.3 million to $11,773,000. That's a $3,527,000 reduction of the original attorney's fee award. The language of Paragraph 63 makes clear that as a result of that reduction, Home Depot was only obligated to pay the original load star of $11,773,000 plus interest. Home Depot was deprived of the finality it contracted to in the settlement agreement for the actions of class counsel and the District Court. Under Georgia law, public policy favors the enforcement of settlement agreements. What the District Court was required to do on remand was simple and straightforward. Enforce the settlement agreement and award the original load star plus interest. Instead of doing so, the District Court erroneously interpreted the settlement agreements, quote, reduced on appeal clause to only apply where the appellate court, quote, set the specific amount of the fee to be awarded on remand. Well, first, that's not what Paragraph 63 says. And neither class counsel nor the District Court are permitted to add words to the settlement agreement after the fact and rewrite the agreement. The Georgia Court of Appeals and Levy Mercury Insurance says, quote, it is the duty of the courts to construe and make them for the parties, close quote. Furthermore, nothing within the settlement agreement suggests that the language of Paragraph 63 only applies if the 11th Circuit reduces the award on appeal to a specific dollar figure. And that's for good reason. As this court well knows, in the ordinary course of reviewing attorney's fee awards, the 11th Circuit does not typically step in and calculate the specific amount of the attorney's fee and direct the trial court to award that specific amount. Customarily, the 11th Circuit affirms or reverses in part or in whole and identifies errors committed, and then it directs the District Court to proceed in a manner consistent with the opinion's legal rulings and holdings. Class counsel admits that very point. That's why the language of the settlement agreement was written as it was, referring to an how the appellate decisions are customarily written. The District Court's interpretation of the settlement agreement is in direct contravention of Georgia law, which states you have, would you have your same argument? I think you've made arguments based on the mandate rule and the law of the case rules. Would you have your same argument on those fronts if the settlement agreement did not contain the paragraph that you're referring to? Yes, Your Honor. Yes, Your Honor. There are multiple reasons why this court should, under ACLUB Barnes, exercise its discretion and tell the District Court the award that should have been given on remand was $11,773,000. The mandate rule, the law of the case, and the lodestar plus interest. With the settlement agreement, when the court merely reduces a fee like it did in the Home Depot one appeal by rejecting the multiplier, the settlement agreement calls for finality, not further attempts by class counsel to argue alternative theories for more attorneys' fees on remand. Because the court reduced the award on remand, the District Court was required to follow the provisions of paragraph 63. It is class counsel who are advancing these tortured and strained constructions of the settlement agreements, and they're doing that in a transparent attempt to circumvent what this court made clear. As the U.S. Supreme Court recognized in Purdue v. Kenney, there is a strong presumption that the lodestar figure is a reasonable attorney's fee. So that reduced award of $11,773,000 is presumptively reasonable. Under the settlement agreement, Home Depot is only obligated to pay a reasonable attorney's fee, which the lodestar is. And this court would not have, in the first opinion, affirmed the District Court's decision in all respects, except one, if it had determined the lodestar was not a reasonable attorney's fee. In short, the District Court had the ability to perhaps the District Court thought, well, with the multiplier, this is reasonable. And then remand without the multiplier. Well, that's no longer reasonable. So I want to take a look at this at this other option. Do you think that the District Court had that type of leeway? No, no, the District Court did not have that discretion. The District Court's discretion was limited by the settlement agreement and the express language. What's interesting about paragraph 63 is it contemplated the very situation that occurred here. The settlement agreement gave Home Depot the right to object and to appeal. That's what it did. And then the settlement agreement spells out what is to occur if Home Depot is is reduced. The contract then governs. And as I cited previously, Georgia law makes it clear that those settlement agreements are to be strictly enforced. And the settlement agreement says Home Depot's only obligation, if there is a reduction at the appellate level, is to pay that reduced amount. And the law of the case and the mandate rule also make clear, Judge Grant, that when that decision was affirmed in all respects, that means that affirmance extended to specifically the lodestar methodology, the lodestar amount, and the law of the case rule makes it clear that any subsequent issues not raised on the first appeal could not be raised below. So the District Court's discretion was limited by the settlement agreement, the mandate rule, and the law of the case. So plaintiffs argue that they could not have appealed the lodestar determination since they hadn't taken a strict view of which one was appropriate. Do you agree with that? No, I do not, Your Honor. It's very clear that in the first opinion, the court held we agree and adopt Home Depot's argument that the lodestar approach should be used in the first instance. We know that class counsel was well aware of their ability to, in fact, appeal and that they needed to by virtue of the fact that they filed a conditional cross appeal challenging one aspect of the District Court's 2017 final order on attorney's fees, that being the failure to include attorney's fees and the percentage cross check. So just as they considered that the case could come back on remand and they wanted to preserve the right to have the attorney's fees included in a percentage cross check, they should have similarly included in that conditional cross appeal a challenge to paragraph three of that final order from 2017 that says, quote, the court adopts Home Depot's argument that the lodestar approach should be used, close quote. That's paragraph three of the District Court's opinion. If class counsel felt paragraph three of the District Court's opinion was not correct, it should have added to its conditional cross appeal and assigned error to that determination. Simply put, this appeal can be disposed of based upon the settlement agreement itself and paragraph 63. While there are other bases and other errors committed by the District Court that also lead to the same result, the lodestar of $11,773,000 plus interest, I'm going to quickly address those. First of all, as we said, the mandate rule makes it clear that this affirmance in all respects, except for one, holds. And this case is on all fours with the Winn-Dixie 2 decision. There, the class counsel, excuse me, counsel there, just like counsel here, essentially led the District Court to circumvent the mandate. That's precisely what happened here. And as I stated previously, law of the case and waiver prevent class counsel from raising the issue and trying to re-inject the issue of percentage fund. And finally, it's very clear that this is a contractual fee shifting case. That is precisely what this court found the first time around. And as such, as a contractual fee shifting case, the lodestar methodology, which again the U.S. Supreme Court says presumptively results in a reasonable fee, should apply here. The District Court's multiple areas of law require reversal. Paragraph 63 of the settlement agreement, the mandate rule, law of the case, and the persuasive and instructive U.S. Supreme Court precedent regarding use of the lodestar and fee shifting arrangements, all compel the same result. An attorney's fee award in the amount of the original lodestar, $11,773,000 plus interest. The court should exercise its discretion to award the specific amount under ACLU to ensure finality and adherence to the mandate. Thank you. All right. Thank you, counsel. Mr. Canfield, you may proceed. You're muted. There you go. Thank you, your honor. Ken Canfield for the plaintiffs. If Home Depot is correct that this court intended Judge Thrash to award an $11,773,000 fee on remand plus interest, even though this court did not say that expressly and it would have been contrary to its usual practice, obviously this man, this court's mandate control and the appeals over. All that has to happen is that the case be remanded so that the interest award can be brought up to date. But it would be the mandate of the court that controls the case, not the settlement. If Home Depot's wrong about the mandate, then we would submit the main issue is not the settlement agreement, but it's the issue that Home Depot's raised that this court didn't answer in the first appeal. And that is whether in a contractual fee shifting case, as a matter of law, a trial court must use the lodestar method or whether it has discretion to use either lodestar or the percentage approach depending on the circumstances of the case. But why would the court have needed to address that question since no one was challenging the fact that the lodestar was used? That's the point. We didn't challenge it. We had no obligation to challenge it. It would have been frivolous for us to appeal the use of the lodestar method by Judge Thrash. We had argued below that he had that discretion. And so if we had come and argued to this court that he had erred by using lodestar when he told him he had the right to do that, it would have been a frivolous appeal. And the waiver document that Ms. Dawson relies upon is limited to appellants who fail to make arguments, not appellees who have no obligation to appeal when they agree with the decision that the district court rendered. Let me turn quickly to the issue of the mandate and whether the court actually ordered the district court to award $11.77 or $3 million plus interest. That's not what the court said expressly. So under the mandate rule, it would only be binding if the court implicitly said that. The decision before the district court was, what was the amount of a reasonable fee? This court held that the court district Judge Thrash had applied an incorrect legal standard in making that decision. But this court did not expressly decide that an $11.7 million fee was reasonable. Instead, it sent the matter back to Judge Thrash for determination. That's consistent with its usual practice when there is a discretionary decision in which the trial judge has erred in making a legal finding. This court's practice stated in many, many cases is to send that decision back to the district court to decide. Otherwise, and then it can be reviewed for an abuse of discretion. What if we had affirmed the district court's order in its entirety in the last decision and remanded for proceedings consistent with the opinion? And then the district court said, no, on second thought, no one's really challenged whether the Lowe's star was right or wrong. But now I think that the other basis is more appropriate. Would he have had the ability to do that? Had we affirmed the district court's order in full? No, I would say not. But the point is that the decision in this case under the settlement agreement is what is reasonable fee. And Judge Thrash made that decision. This court reversed the legal standard that he used. This court did not discuss whether $11.7 million is a reasonable fee. In fact, Judge Thrash has already decided that $11.7 million is not a reasonable fee and violates the settlement agreement. So I'm not saying this court doesn't have the ability to decide that case if it wants to or decide that issue. But it didn't do that in the last appeal. And as a result, Judge Thrash had discretion to reconsider the matter of what is a reasonable fee using the correct legal standard. And the Gray versus Bostic case is directly on point applying that standard in the context of a fee award. But it's the same legal principle that this court has repeatedly used. The court also had, I would say, clues, as Judge Thrash said, in its decision that it intended him to reconsider the issue of what is a reasonable fee. We had a conditional cross-appeal. This court acknowledged that it wasn't necessary to consider the cross-appeal unless the court reversed or modified the fee award and remanded it to the district court for reconsideration. Obviously, it would have been a waste of judicial resources to decide that conditional cross-appeal if the judge had nothing else to do on remand except award a specific amount. Home Depot's also... Would it not be a waste of judicial resources for the court to carefully consider the district court's lodestar ruling in all of the various parts of it and then have a totally different approach on remand? No. As Judge Korn said in Gray versus Bostic, it's not a waste of judicial resources to have a discretionary decision made by the lower court as is appropriate under the law. The point is that Judge Thrash thought a $15.3 million fee was reasonable. When he struck out his ability to use a multiplier, he came to the decision that was not a reasonable fee. I don't think that... The mandate didn't bind him to do that. Also, the law of the case doctrine didn't prevent him from using the percentage method on appeal. This court changed the law. When the law changes, the law of the case doctrine doesn't apply. It's particularly important in this case because when Judge Thrash made his original award, he did that based on the arguments of the parties and the laws that existed at the time. Home Depot did not argue that a risk multiplier was barred as a matter of law or that federal fee-shifting precedent applied on the first go-around. They only did that on appeal. So Judge Thrash has never had, until the remand, the opportunity to consider what a reasonable fee is under the correct law. So the law of the case doesn't apply there. Let me briefly address the point that Ms. Dawson has made. We agree, the settlement agreement focuses on finality. And the paragraph that she has highlighted, and the one sentence out of that paragraph that she's based her argument on, turns on the whole issue of finality. As the District Court found, the language that Home Depot relies upon only applies if there's a final decision from this court. And there wasn't a final decision. And so she's saying that in the settlement agreement, the parties agreed that whatever the court said on the first appeal, regardless of whether that was a final decision, regardless of whether there were further proceedings that needed to take place, Home Depot is only required to pay a so-called reduced amount. But the settlement agreement itself makes clear that her argument doesn't make sense. Paragraph 63 starts by saying that Home Depot's obligation to pay a fee only arises when the award is final. And it defines the term finality. And it envisions that there will be other review in addition to the initial appeal. What she would argue is that Home Depot had, even though that if this court didn't require the $11.7 million award on remand, and it wasn't final, and she says the settlement agreement relieved Home Depot of any further obligation. The problem is, if it's not final, Home Depot's obligation to pay the award never arises. So if Ms. Dawson is correct, then Home Depot has no obligation to pay anything at this point because there hasn't been a final award. Let me turn now to the question of whether Lodestar or the percentage method is appropriate. The judge made a practical decision to use percentage rather than Lodestar because Lodestar would have required an awful lot of additional contentious litigation. And we believe his decision is an abuse of discretion only if this court determines that Lodestar is required to be used in a contractual fee-shifting case. And we think it should not for three separate reasons. First, in Camden 1, this court has held that the percentage fee is the best way to calculate fees in a class action unless statutory fee-shifting principles apply. And that's for a lot of reasons because the percentage method more closely aligns the counsel and the class better adheres to the commercial marketplace and is much more efficient. The fact that this is a contractual fee-shifting case rather than a classic common fund or constructive common fund case doesn't change those advantages. They're still the same. And there's nothing about this court's analysis in Home Depot's first appeal that would hold to contrary. This court did not hold that federal fee-shifting precedent applies across the board in a contractual fee-shifting case. It said federal statutory fee-shifting precedent only has relevance, quote, when its reasoning applies to promote consistency in the law. And the reasoning of statutory fee-shifting cases does not apply in a case like this. The reason that Lodestar is used in a statutory case is to carry out congressional intent that victims have the ability to pursue meritorious claims of statutory violations. And the Supreme Court test is the fee has to be sufficient to induce a capable attorney to undertake representation. Anything more than that violates the American law. That reasoning doesn't apply here. The fee is not being imposed against Home Depot against its will because we prevail, but pursuant to its own agreement. And the issue is not what is the minimal fee necessary to induce competent lawyers to sue Home Depot, but to effectuate the party's intent that Home Depot pay a reasonable fee in the context of a consumer class action in which the court would have been on account of the fee or on account. It also doesn't promote consistency in the law. You'd have some, most class actions would use the percentage, but some would use Lodestar, and you wouldn't know what method would apply until the parties have entered a settlement, if they did, and what the terms of those settlement agreements state. Is your argument that the Lodestar arrangement is not reasonable after this court's last decision, or is it that either the Lodestar or the percentage-based approach is reasonable and the judge had the discretion to choose what he thought was most appropriate? The latter. You know, we believe that he had the ability to determine a reasonable Lodestar fee. And we say that 11.773 million is not reasonable because there are lots of things that are permitted under statutory fee shifting cases that we didn't do on the first go around because Home Depot didn't make the argument that we had to. We're entitled to be paid for the time that we spent after July of 2017. We should be able to use our current rates to account for the delay in payment. We should be able to use our current market rates, individual market rates, rather than a grid based on years of practice that was used in the case. And that was specifically recognized by Purdue as a situation. So you're saying that he could use the Lodestar agreement, but in order to do that, he would need to recalculate all of those other things that weren't raised before? And he decided that that would be too lengthy and too difficult. And so as a practical matter, he decided to use the percentage method. And so explain again why those issues weren't addressed in the original district court proceeding rather than the post appeal proceeding? Because Home Depot did not argue in the first proceeding that federal fee shifting precedent applied. So we didn't know that. Let me also make a particular consistency to consistency of additional consistency arguments. Under Georgia law, the fact that it's a fee shifting case doesn't mean Lodestar has to apply. It's either Lodestar or a contingency could be used. So you're setting up if you adopted a Lodestar argument. So your argument has expired. Thank you. All right. Thank you, Mr. Canfield. Ms. Dawson, you have reserved some time for rebuttal. Thank you, your honor. First of all, going to the settlement agreement. The settlement agreement says that Home Depot agrees to pay the reasonable attorney's fees, cost and expenses. This language about finality that Mr. Canfield raises is simply not in the agreement itself. And the triggering event in terms of Home Depot's obligation post appeal is if the award is reduced, which it was. And that triggers the language of paragraph 63, that Home Depot is only obligated to pay that reduced amount. So this language, again, that the class counsel is advocating and the district court did of sort of adding words and rewriting the agreement after the fact is simply in direct contradiction of established Georgia law that says that the agreement as written should be enforced, which leads to the result of the original Lodestar plus interest being payable. Wouldn't it at least be an argument that if the fee weren't reasonable, the parties hadn't contracted for Home Depot to only need to pay a fee that turned out to be unreasonable. If there's tension between those provisions of the agreement, which one wins out. There's absolutely no tension, Your Honor, because Hensley and countless US Supreme Court cases and the 11th Circuit itself has said the Lodestar is reasonable. There is a strong presumption of reasonableness of the Lodestar. So this is a non issue. It is a red herring race. It simply does not apply here because the Lodestar presumptively reasonable found by the US Supreme Court and the 11th Circuit. And Your Honor, the award was examined exhaustively by the first panel. Had this first panel determined that the attorney's fee was not reasonable, it would not have used this language. We affirm the district court's decision in all respects, except one, it was abusive discretion to use the multiplier for litigation risk. So under Transamerica, there has been an express and implied affirmance of the methodology and the Lodestar amount of $11,773,000. What's your response to Mr. Canfield's argument that to do the Lodestar, the district court on remand would have needed to consider a lot of things that it hadn't considered before? We briefed that issue extensively. All of the grounds that Mr. Canfield has raised, simply do not apply. The language of the settlement agreement says what home people's obligation was. That's what was contracted for and that needs to be enforced. And all the cases cited by class counsel below are completely an opposite, irrelevant, and are legally and factually distinguishable and do not support these additional fees on fees. I do want to say that Gravy-Bostick is distinguishable because that was a vacator entirely of the attorney's fee award. Here, it was just the opposite. There was an affirmance of the attorney's fee award of the original Lodestar in all respects. Failure to reverse the district court decision below will upend Georgia law on enforceability of settlement agreements, embolden district courts to circumvent the mandate rule in connection with any discretionary order and lead to inefficiency and disobedience within the judicial system. We respectfully request that this court reverse the district court and enter the award of $11,773,000 plus interest per paragraph 63. Thank you. All right. Thank you, Ms. Dawson and Mr. Canfield. And this court will be in recess for 10 minutes.